STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE

v.

ALPHONSO JOHNSON,

         Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CR-02-274

ORDER ON MOTIONS

DONALD L. GARBRECHT
LAW LIBRARY

MAR 12 2003

This matter is before the court on two motions by the defendant, both filed October 1, 2002. In his "motion to suppress statements, admissions, confession," the defendant challenges the right of the State to use statements made by him given "with promises of leniency" (motion) to police officers in an interview of July 8, 2002. In the second "motion to suppress stop, arrest, search, seizure and derivative evidence," defendant challenges the lawfulness of the stop of his vehicle on July 7, 2002, with attendant arrest, search and seizure.

At the hearing on the motions an Augusta police officer testified that while traveling southerly on Route 27 a number of yards northerly of the Irving Truck Stop near the Interstate 95 exit, he met an oncoming vehicle detected by his radar speed indicator traveling at 61 m.p.h. in the 35 m.p.h. zone. Affecting a U-turn, the officer pursued the vehicle stopping it in the vicinity of an entrance to an industrial plant site approximately three-quarters of a mile distant from the clock. The officer approached the vehicle and saw the operator, an African-American male, with a young Caucasian female passenger. Upon acquisition of the driver's identification and communications with a data site, the officer determined that the operator of the vehicle, the defendant, was the subject of a warrant for arrest out of the Commonwealth of Massachusetts. After calling for and receiving backup, the officer affected an arrest of the defendant on

the warrant and placed him in his cruiser in restraint. The passenger was detained and placed in the cruiser of the backup police officer. The officers then proceeded to conduct a search of the passenger compartment of the motor vehicle incident to the arrest. The arresting officer proceeded to examine the driver's side of the front portion of defendant's vehicle while the backup officer searched the passenger side. After finding no contraband, in accordance with standard practice of the Augusta Police Department, the officers swapped areas of search. During the examination of the driver's compartment, the backup officer noted an area near the accelerator pedal that appeared to be disturbed. This is a part of the lower trim of the Saturn sedan known as an "extension." It is a plastic panel that covers the center console area under the dashboard.

The defendant's vehicle is a 1996 SLZ four-door Saturn. The two front seats are divided in the middle by a console running from an area between the seats to the dashboard. In front of the console and underneath the dashboard is an area containing wires and other equipment servicing the dashboard. The front area is covered on both sides by a plastic panel known as an "extension". Both of these extension panels are held in place by plastic tabs which fit into holes or grooves attached to the console at the rear side, but are attached at the front side with Velcro strips on a brace and on the extension. To open these panels, one simply needs to grasp the forward edge of the panel and release the Velcro causing the panel to swing on its tabs and become detached. On the passenger side, the panel has a particular finger hole inasmuch as the panel covers the fuse box and therefore it is reasonable to assume that any operator of the vehicle wishing to replace a fuse would have easy access to do so. The panel on the driver's side does not have such a finger hole but the attachment mechanism is essentially the same. While there was no evidence of any item of equipment behind the

2

driver's side panel that would cause an operator to routinely access the area, it is clear that it is a simple matter for a person occupying the driver's seat to lean forward, place his or her hand within a few inches of the accelerator pedal, grasp the forward edge of the panel and pull, easily removing it for access to the area.

Indicating that the driver's side panel appeared to have been disturbed, the backup officer did reach to the forward edge of the panel and remove it. Immediately thereafter he reached into the space provided and took possession of the contraband which gives rise to the indictment of the defendant for aggravating trafficking in scheduled drugs (class A).

The first issue is the lawfulness of the stop. Notwithstanding the testimony of the Augusta Police Officer, the defendant and his passenger testified that they came off Interstate 95 having driven nonstop from Manchester, New Hampshire. The exit ramp would have taken them under the Interstate and a few hundred yards north when, they testified, they made a left-hand turn into the Irving Truck Stop where they purchased supplies and something to eat. They say they then took their drinks in paper cups with them as they left the truck stop and proceeded to its entrance to Route 27. Both witnesses indicated there was very little traffic but they observed the Augusta Police cruiser proceeded southerly on Route 27. They say the cruiser stopped and blinked its lights indicating permission for the defendant to proceed out of the Irving Truck Stop and make a left-hand turn northerly onto Route 27. The defendant says that as he made the turn and gestured to the police officer in thanks for allowing him to proceed, they made eye contact. He says the officer immediately made a U-turn and stopped the defendant's vehicle within seconds of the eye contact. The conclusion the defendant wishes the court to make from these circumstances is that the officer immediately recognized an African-American operating a motor vehicle with out-of-state plates and

3

with a young Caucasian female, somewhat late at night giving rise to an inappropriate stop based upon those circumstances rather than appropriate and lawful articulable suspicion that an unlawful act might be taking place.

Obviously, if the defendant was exiting the Irving Truck Stop, he could not have reached a speed of 61 m.p.h. between the truck stop entrance and the entrance to the business park only a couple hundred yards away. This would suggest that the testimony by the police officer that the vehicle was stopped for probable cause of speeding is a falsehood and further, that it was a pretextual stop of a vehicle based upon a racial profile.

Utilizing those methods of assessing credibility that are routinely provided to juries when they are the trier of fact, the court concludes that the officer's testimony is more credible than that of the defendant and his passenger notwithstanding the assertion by the defendant that the presence in the stopped vehicle of drink containers identified with the food vendor at the Irving Truck Stop would corroborate their testimony. In the absence of any other evidence to even the slightest degree that the officer deliberately stopped this vehicle for racial reasons, the court finds no basis to question the ability of the officer to observe, his experience in law enforcement, the knowledge of the area, and his motivation to tell the truth as compared to the clear and present interest of the defendant in his own best self-interest.[1]

Having decided, then, that the stop was lawful, the court must then examine the search. It is undisputed that the defendant was wanted by the Haverhill,

---

[1] The court has to make a decision based upon credibility. It is not incredible that a Maine police officer would stop a vehicle late at night with an adult minority as operator of a vehicle with out-of-state plates and carrying a minor Caucasian female. If this were the sole ground for the stop, it clearly would be unlawful. If it is the practice of a Maine police officer to use such a pretext, it is a practice to be abhorred. A law enforcement officer, under such circumstances, would be well advised to document, in every way possible, the basis for his stop by recording of the radar reading at the date and time in question, photographs of circumstances, or any other information to assure the lack of racial overtones in law enforcement.

4

Massachusetts, police and that extradition was authorized. It is also not disputed that the defendant was subject to a protection order which did not provide authority to search, detain or arrest.[2] The defendant argues that the circumstance of removing the panel to find the contraband is similar to *United States v. Patterson*, 65 F.3d 68 (7th Cir. 1995) which held that the right to search the passenger compartment incident to a lawful arrest, including the contents of any containers found within the passenger compartment, does not extend to dismantling portions of the vehicle. In that case, the officers, through the use of a drug-identifying dog, folded down the tailgate of a pickup truck, noticed that the screws were missing from the factory-installed cover on the tailgate's interior, and lifted the cover finding contraband. The case recognized that all parts of a vehicle may be searched without a warrant if there is probable cause to be believe the car contains contraband or evidence but not simply based upon a search incident to an arrest. The defendant also relies on *State v. Ireland*, 1998 ME 35, 706 A.2d 597 wherein the officers, making a search incident to an arrest, found a key in the glove compartment which opened the trunk, they did so and found contraband. In that case, the Court found probable cause based upon the denial by the owner as having access to the trunk.

Both *Patterson* and *Ireland* refer to the law established by *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860 (1981). However, both of those cases analyze the existence of probable cause where the officers had extended the search beyond the passenger compartment and containers found therein. As such, they are not applicable to the case at hand. In *Belton*, the United States Supreme Court, after finding no workable definition of "the area within the immediate control of the arrestee" when that area

___

[2] NCIC information contained two entries, one of which identified Alphonso Johnson as a white male and the other as a black male. Both identifications, however, indicated a height of 6' 3", weight 205 lbs., brown eyes, brown hair, and date of birth of April 5, 1975.

arguably includes the interior of an automobile and the arrestee is its recent occupant, quotes from *Schimel v. California*, 395 U.S. 752, 89 S.Ct. 2034 (1969) at 763 as "the area into which an arrestee might reach in order to grab a weapon or evidentiary [item]." Accordingly, the *Belton* court held that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. The court goes on to say, "It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." *New York v. Belton* at 460. As a footnote, *Belton* describes a container as:

> Any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

*Belton* at 461.

The issue is not whether the police officers in the instant case had probable cause to search behind the panel under the dash, but whether, incident to the arrest, the officers had a lawful right to search a container within the immediate control of the arrestee. While it could be argued that the manufacturer of Saturn automobiles does not contemplate that an operator would routinely remove this panel in order to access the space behind it, at least from the driver's side, it is done very easily, can be done quickly from an operator sitting in the passenger seat, and, if the site of a dangerous weapon, would allow its immediate use by the driver. Accordingly, the court finds the stop to be based upon appropriate articulable suspicion, the arrest was clearly on

probable cause, and the search was properly incident to the arrest in accordance with current law.

The second matter for consideration by the court are the statements made by the defendant to officers of the Maine Drug Enforcement Agency (MDEA) within a Mirandarized interview. It is the defendant's position that his statements were not voluntary but the product of improper promises by the interrogating officers. It does not appear to be disputed that the officers were attempting to obtain the cooperation of the defendant. While the officers indicated there were no promises, they did testify that any level of cooperation rendered by the defendant to MDEA would be communicated to the District Attorney and there was an expectation that he would "fair" better if he cooperated. It also appears that the subject of cooperation did not come up until about half-way through the interview after the defendant had made it clear that he "knew the system" and realized his predicament since he was the owner and operator of the vehicle. He also admitted to recent past drug use and use of unlawful drugs to compensate persons performing services for him.

Taking all the evidence in a light most favorable to the defendant, the court is not satisfied that there was any undue pressure or promises which related in any way to any involuntary conduct on the part of the defendant in making admissions.

The entry will be:

Defendant's motions to suppress are DENIED.

Dated: February 2F, 2003

Donald H. Marden
Justice, Superior Court

7

STATE OF MAINE
  vs
ALPHONSO C JOHNSON
CHICKEN STREET
STARKS ME 04911

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2002-00274

**DOCKET RECORD**

DOB: 04/05/1975
Attorney: ANDREWS CAMPBELL
          CAMPBELL LAW OFFICE
          45 KALERS CORNER ROAD
          WALDOBORO ME 04572
          APPOINTED 08/26/2002

State's Attorney: DAVID CROOK

Filing Document: INDICTMENT
Filing Date: 08/15/2002

Major Case Type: FELONY (CLASS A,B,C)

**Charge(s)**

1   **AGGRAVATED TRAFFICK OR FURNISH SCHEDULE   07/07/2002 AUGUSTA**
    **DRUGS**
    **17-A   1105(1)(B)            Class A**

**Docket Events:**

08/15/2002 FILING DOCUMENT -  INDICTMENT FILED ON 08/15/2002

           TRANSFER -  BAIL AND PLEADING GRANTED ON 08/15/2002

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 08/15/2002

08/16/2002 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 08/27/2002 @ 8:30

08/26/2002 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/23/2002

08/26/2002 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/26/2002
           S KIRK STUDSTRUP , JUSTICE
           COPY TO PARTIES/COUNSEL, DEFENDANT HAS BEEN DETERMINED BY THE JUDGE TO BE INDIGENT AND HE
           HAS BEEN APPOINTED ANDREW CAMPBELL.
08/26/2002 ATTORNEY -  APPOINTED ORDERED ON 08/26/2002
           S KIRK STUDSTRUP , JUSTICE
08/29/2002 Charge(s): 1
           HEARING -  ARRAIGNMENT HELD ON 08/27/2002
           S KIRK STUDSTRUP , JUSTICE
           Attorney: ANDREWS CAMPBELL
           DA: ALAN KELLEY          Reporter: JANETTE COOK
           Defendant Present in Court

           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  30 DAYS TO FILE MOTIONS
08/29/2002 Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 08/27/2002

08/29/2002 Charge(s): 1

PLEA - NOT GUILTY ACCEPTED BY COURT ON 08/27/2002

08/29/2002 BAIL BOND - COMMITMENT ORDER W/ CONDITIONS ISSUED ON 08/27/2002
S KIRK STUDSTRUP , JUSTICE
$30,000 CASH OR $75,000 SURETY, NO USE OR POSS OF ALCOHOL AND NOT TO DRIVE UNLESS PROPERLY
LICENSED.

09/05/2002 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 09/05/2002

Attorney: ANDREWS CAMPBELL
ATTY CMPBELL REQUESTS EX PARTE MOTION FOR APPOINTMENT OF PRIVATE INVESTIGATOR IN A SUM NOT
TO EXCEED $1,000.00

09/11/2002 MOTION - MOTION FOR FUNDS GRANTED ON 09/06/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL, THE TOTAL AMOUNT APPROVED IS $500 AT THE RATE OF $25.00 PER HOUR.

09/27/2002 Charge(s): 1
TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 09/27/2002

AUGDC 02-1720

10/01/2002 Charge(s): 1
MOTION - OTHER MOTION FILED BY DEFENDANT ON 10/01/2002

MOTION TO PRESERVE EVIDENCE, THE DEFENDANT, THROUGH COUNSEL, MOVES THAT ANY PACKAGING OF
THE ALLEGED COCAINE SEIZED IN THIS MATTER BE PRESERVED AND NOT DESTROYED BY THE FORENSIC
CHRMISTRY SECTION. THE REASON FOR THIS MOTION IS THAT SUCH EVIDENCE IS ANTICIPATED TO BE
EXULPATORY AND NECESSARY TO ANY FUTURE PROCEEDINGS. REPORT DATED 8/12/02, NOTIFIED
DEFENDANT THAT PACKAGING AND REMAINING MATERIAL IN CASE COULD BE DESTROYED.

10/01/2002 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 10/01/2002

MOTION TO SUPPRESS STOP, ARREST, SEARCH, SEIZURE AND DERIVATIVE EIVIDENCE. THE STOP OF
THIS VEHICLE ON OR ABOUT JULY 7, 2002; THE SEARCH INCIDENT TO STOP; FOR THE REASON THAT
THERE WAS NOT REASONABLE ARTICULABLE SUSPICION TO STOP, OR TO SEARCH INCIDENT TO STOP
BASED ON SPECIFIC AND ARTICULABLE FACTS, WHICH, TAKEN TOGETHER WITH THE RATIONAL
INFERENCES FROM THESE FACTRS WOULD WARRANT THE INTRUSION.

10/01/2002 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/01/2002

MOTION TO COMPEL DISCOVERY, DEFENDANT THROUGH COUNSEL, MOVES THE COURT TO GRANT AN ORDER
COMPELLING DISCOVERY OF THE FOLLOWING ITEMS: COPY OF ALL COMMUNICATIONS, WSARRANTS, STAYS
OR DETAINERS, FUGITIVE FROM JUSTICE DETAINERS, OR NOTATIONS OR SYNOPSES OR COMMUNICATIONS
RESPECTING THE DEFENDANT OBTAINED PRIOR TO HIS STOP, ARREST, AND/OR SEARCH OF HIS VEHICLE
PURSUANT TO WARRANT. COPY OF ALLEGED ARREST WARRANT OUTSTANDING. AND MANY OTHER ITEMS.

10/01/2002 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 10/01/2002

MOTION TO SUPPRESS STATEMENTS, ADMISSIONS, CONFESSIONS, DEFENDANT THROUGH COUNSEL MOVES TO
SUPPRESS ALL STATEMENTS AND ADMISSIONS ALLEGEDLY MADE BY HIM ON OR ABOUT 7/8/02, 7/9/02,
7/10/02, IN RESPECT TO PENDING THEFT CHARGE. THE THRUST OF DEFENDANT'S MOTION IS THAT SUCH
STATEMENTS AS WERE TAKEN FROM HIM WERE GIVEN WITH PROMISES OF LENIENCY, IN PARTICULAR
LOWELL WOODMAN MDEA AND GREGORY LUMBERT INTERVIEW 7/8/02.

11/13/2002 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/03/2002
S KIRK STUDSTRUP , JUSTICE
NOTICE TO PARTIES/COUNSEL

12/04/2002 OTHER FILING - MEMORANDUM OF LAW FILED ON 12/02/2002

IN SUPPORT OD MOTION TO SUPPRESS AND FOR RETURN OF PROPERTY

Printed on: 03/05/2003

12/06/2002 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 12/06/2002

12/23/2002 HEARING - MOTION TO SUPPRESS NOT HELD ON 12/03/2002

12/23/2002 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/06/2003

       NOTICE TO PARTIES/COUNSEL. ALL PENDING MOTIONS
01/08/2003 HEARING - MOTION TO SUPPRESS HELD ON 01/06/2003
       DONALD H MARDEN , JUSTICE
       Attorney: ANDREWS CAMPBELL
       DA: ALAN KELLEY         Reporter: JANETTE COOK
       Defendant Present in Court

       DAY 1, WITNESSES SEQUESTERED, STATE WITNESSES: MATTHEW A. CLARK, SHAWN PORTER, DEFENSE
       WITNESSES: JOHN BAUER. DAY 2, DEFENSE WITNESSES: JESSICA SEVERANCE AND DEFENDANT. STATE
       WITNESSES REBUTTAL: RONALD HENDERSON, LOWELL WOODMAN, JR. ORAL MOTION FOR SANCTION
       AGAINST WITNESS DENIED. CLOSING ARGUMENTS AND TAKEN UNDER ADVISEMENT WRITTEN ORDER WILL
       BE ISSUED.
01/10/2003 MOTION - MOTION FOR DISCOVERY GRANTED ON 12/03/2002
       S KIRK STUDSTRUP , JUSTICE
       COPY TO PARTIES/COUNSEL
01/10/2003 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 01/07/2003
       DONALD H MARDEN , JUSTICE
01/10/2003 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 01/07/2003
       DONALD H MARDEN , JUSTICE
01/10/2003 Charge(s): 1
       MOTION - OTHER MOTION GRANTED ON 01/06/2003
       DONALD H MARDEN , JUSTICE
       MOTION TO PRESERVE EVIDENCE, THE DEFENDANT, THROUGH COUNSEL, MOVES THAT ANY PACKAGING OF
       THE ALLEGED COCAINE SEIZED IN THIS MATTER BE PRESERVED AND NOT DESTROYED BY THE FORENSIC
       CHRMISTRY SECTION. THE REASON FOR THIS MOTION IS THAT SUCH EVIDENCE IS ANTICIPATED TO BE
       EXULPATORY AND NECESSARY TO ANY FUTURE PROCEEDINGS. REPORT DATED 8/12/02, NOTIFIED
       DEFENDANT THAT PACKAGING AND REMAINING MATERIAL IN CASE COULD BE DESTROYED.
01/21/2003 OTHER FILING - COUNSEL VOUCHER FILED ON 01/10/2003

       APPROVED IN THE AMOUNT OF $2446.00 (CHIEF JUSTICE MILLS)
02/25/2003 ORDER - TRANSCRIPT ORDER FILED ON 01/23/2003

       COPY SENT TO COURT REPORTER JANET COOK.
03/05/2003 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 03/03/2003
       DONALD H MARDEN , JUSTICE
       COPY TO PARTIES/COUNSEL,
03/05/2003 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 03/03/2003
       DONALD H MARDEN , JUSTICE
       COPY TO PARTIES/COUNSEL


## Exhibits

01/06/2003  STATE, Exhibit#1, PRINTOUT OF ACTIVE WARRANT THROUGH NCIC, Adm w/o obj on
          01/06/2003.
01/06/2003  DEFENDANT, Exhibit#1, PHOTOGRAPH OF 45 MPH SIGN HEADING SOUTH ON RTE. 27, Adm w/o
          obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#2, PHOTOGRAPH, Adm w/o obj on 01/06/2003.

01/06/2003    DEFENDANT, Exhibit#3, PHOTOGRAPH OF INTERSECTION OF INTERSTATE, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#4, BLACK CAR TRAVELING ON ANTHONY AVENUE WITH LIGHTS, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#5, FRONT DRIVER'S SIDE OF VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#6, FRONT DRIVER'S SIDE OF VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#7, PHOTOGRAPH OF FRONT DRIVER'S SIDE OF VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#8, PHOTOGRAPH OF CONSOLE OF DEFENDANT'S VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#9, PHOTOGRAPH OF FRONT PASSENGER'S SIDE OF VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#10, PHOTOGRAPH OF PASSENGER'S SIDE OF VEHICLE, Adm over obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#11, PHOTOGRAPH OF ANOTHER SATURN WITH PANEL NOT REMOVED, Adm over obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#12, DIAGRAM OF CENTER CONSOLE, Adm over obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#13, DIAGRAM OD DASH, Adm over obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#14, DESCRIPTION OF PARTS FOR A SATURN VEHICLE, Adm over obj on 01/06/2003.
01/07/2003    DEFENDANT, Exhibit#15, PHOTO OF CONSOLE PANEL, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#16, PHOTO OF CONSOLE PANEL, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#17, SKETCH (FOR RECORD ONLY), Not Admitted on 01/07/2003.
01/07/2003    STATE, Exhibit#2, MIRANDA, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#18, REPORT OF OFFICER RONALD HENDERSON, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#19, REPORT, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#20, OFFICER LOWELL WOODMAN'S NOTES, Adm w/o obj on 01/07/2003.

A TRUE COPY
ATTEST:    _____
                        Clerk

STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2005 APR 26 P 2: 04

DESJARDIN
OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-274

STATE OF MAINE

v.

ALPHONSO JOHNSON,

Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JUL 20 2005

This matter is before the court on the defendant's Motion for Correction or Reduction of Sentence, filed on August 11, 2004. Action on this motion was deferred, at the request of defendant's counsel, until after his appeal was decided by the Law Court.

The motion claims the sentence in this case was illegally imposed via M.R. Crim. P. 35(a) because the court relied on facts as aggravating factors in sentencing which had not been found by the jury. He cites the court to *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 253 (2004), for the proposition that such facts cannot be used by the court unless proven beyond a reasonable doubt to a jury's satisfaction.

In truth, however, the facts concerning the defendant's record and his status in the Massachusetts criminal justice system were either stipulated to or uncontested. Moreover, the fact that Massachusetts later dismissed their cases against the defendant does not change the accuracy of the facts concerning the pendency of those matters as cited by the court in the record.

In addition, the defendant appealed this sentence to the Law Court and, at that time, the decision in *Blakely, id.*, had been issued by the Supreme Court so its principles were available to support any claim that the sentence in this case was illegally imposed. Whether the defendant relied on *Blakely* in his appeal is unknown, but the Law Court found that the court did not misapply sentencing principles in imposing the sentence

here complained of. *See State v. Johnson,* 2005 ME 46, ¶ 1, n.2, _____ A.2d _____. The defendant does not get a second opportunity under Rule 35 to contest the legality of his sentence after our highest court has already considered the matter.

The defendant also claims that the court relied on a mistake of fact in its sentencing, so asks for relief under M.R. Crim. P. 35(c)(2) which authorizes a reduction of sentence. The motion references no factual mistakes, but the court understands that the defendant is claiming that the court erred when it considered as an aggravating factor that the defendant was avoiding the criminal justice system in Massachusetts where he had cases pending. This was a mistake, he says, because his charges there were later dismissed. The dismissals, however, occurred after sentencing and no evidence has been adduced to demonstrate that the agreed-upon fact that the defendant had charges pending in Massachusetts when he was sentenced here was not correct. Accordingly, the court cannot find that its sentencing decision was affected by a mistake of fact at the time judgment was entered in this case.

For all these reasons, the entry will be:

Motion for Correction or Reduction of Sentence is DENIED.

So ordered.

Dated: April 26, 2005

John R. Atwood
Justice, Superior Court

STATE OF MAINE
 vs
ALPHONSO C JOHNSON
CHICKEN STREET
STARKS ME 04911

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2002-00274

**DOCKET RECORD**

DOB: 04/05/1975
Attorney: ANDREWS CAMPBELL
            CAMPBELL LAW OFFICE
            45 KALERS CORNER ROAD
            WALDOBORO ME 04572
            APPOINTED 08/26/2002

State's Attorney: DAVID CROOK

Filing Document: INDICTMENT
Filing Date: 08/15/2002

Major Case Type: FELONY (CLASS A,B,C)

**Charge(s)**

1   AGGRAVATED TRAFFICK OR FURNISH SCHEDULE     07/07/2002 AUGUSTA
    DRUGS
Seq 2783   17-A  1105(1)(B)          Class A

**Docket Events:**

08/15/2002 FILING DOCUMENT -  INDICTMENT FILED ON 08/15/2002

           TRANSFER -  BAIL AND PLEADING GRANTED ON 08/15/2002

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 08/15/2002

08/16/2002 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 08/27/2002 @ 8:30

08/26/2002 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/23/2002

08/26/2002 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/26/2002
           S KIRK STUDSTRUP , JUSTICE
           COPY TO PARTIES/COUNSEL, DEFENDANT HAS BEEN DETERMINED BY THE JUDGE TO BE INDIGENT AND HE
           HAS BEEN APPOINTED ANDREW CAMPBELL.
08/26/2002 ATTORNEY -  APPOINTED ORDERED ON 08/26/2002
           S KIRK STUDSTRUP , JUSTICE
08/26/2002 Party(s): ALPHONSO C JOHNSON
           ATTORNEY -  APPOINTED ORDERED ON 08/26/2002

           Attorney: ANDREWS CAMPBELL
08/29/2002 Charge(s): 1
           HEARING -  ARRAIGNMENT HELD ON 08/27/2002
           S KIRK STUDSTRUP , JUSTICE
           Attorney: ANDREWS CAMPBELL
           DA: ALAN KELLEY           Reporter: JANETTE COOK
           Defendant Present in Court

           READING WAIVED. DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  30 DAYS TO FILE MOTIONS

08/29/2002 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 08/27/2002

08/29/2002 Charge(s): 1
PLEA - NOT GUILTY ACCEPTED BY COURT ON 08/27/2002

08/29/2002 BAIL BOND - COMMITMENT ORDER W/ CONDITIONS ISSUED ON 08/27/2002
S KIRK STUDSTRUP , JUSTICE
$30,000 CASH OR $75,000 SURETY, NO USE OR POSS OF ALCOHOL AND NOT TO DRIVE UNLESS PROPERLY
LICENSED.

09/05/2002 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 09/05/2002

Attorney: ANDREWS CAMPBELL
ATTY CMPBELL REQUESTS EX PARTE MOTION FOR APPOINTMENT OF PRIVATE INVESTIGATOR IN A SUM NOT
TO EXCEED $1,000.00

09/11/2002 MOTION - MOTION FOR FUNDS GRANTED ON 09/06/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL, THE TOTAL AMOUNT APPROVED IS $500 AT THE RATE OF $25.00 PER HOUR.

09/27/2002 Charge(s): 1
TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 09/27/2002

AUGDC 02-1720

10/01/2002 Charge(s): 1
MOTION - OTHER MOTION FILED BY DEFENDANT ON 10/01/2002

MOTION TO PRESERVE EVIDENCE, THE DEFENDANT, THROUGH COUNSEL, MOVES THAT ANY PACKAGING OF
THE ALLEGED COCAINE SEIZED IN THIS MATTER BE PRESERVED AND NOT DESTROYED BY THE FORENSIC
CHRMISTRY SECTION. THE REASON FOR THIS MOTION IS THAT SUCH EVIDENCE IS ANTICIPATED TO BE
EXULPATORY AND NECESSARY TO ANY FUTURE PROCEEDINGS. REPORT DATED 8/12/02, NOTIFIED
DEFENDANT THAT PACKAGING AND REMAINING MATERIAL IN CASE COULD BE DESTROYED.

10/01/2002 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 10/01/2002

MOTION TO SUPPRESS STOP, ARREST, SEARCH, SEIZURE AND DERIVATIVE EIIVDENCE. THE STOP OF
THIS VEHICLE ON OR ABOUT JULY 7, 2002; THE SEARCH INCIDENT TO STOP; FOR THE REASON THAT
THERE WAS NOT REASONABLE ARTICULABLE SUSPICION TO STOP, OR TO SEARCH INCIDENT TO STOP
BASED ON SPECIFIC AND ARTICULABLE FACTS, WHICH, TAKEN TOGETHER WITH THE RATIONAL
INFERENCES FROM THESE FACTRS WOULD WARRANT THE INTRUSION.

10/01/2002 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/01/2002

MOTION TO COMPEL DISCOVERY, DEFENDANT THROUGH COUNSEL, MOVES THE COURT TO GRANT AN ORDER
COMPELLING DISCOVERY OF THE FOLLOWING ITEMS: COPY OF ALL COMMUNICATIONS, WSARRANTS, STAYS
OR DETAINERS, FUGITIVE FROM JUSTICE DETAINERS, OR NOTATIONS OR SYNOPSES OR COMMUNICATIONS
RESPECTING THE DEFENDANT OBTAINED PRIOR TO HIS STOP, ARREST, AND/OR SEARCH OF HIS VEHICLE
PURSUANT TO WARRANT. COPY OF ALLEGED ARREST WARRANT OUTSTANDING. AND MANY OTHER ITEMS.

10/01/2002 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 10/01/2002

MOTION TO SUPPRESS STATEMENTS, ADMISSIONS, CONFESSIONS, DEFENDANT THROUGH COUNSEL MOVES TO
SUPPRESS ALL STATEMENTS AND ADMISSIONS ALLEGEDLY MADE BY HIM ON OR ABOUT 7/8/02, 7/9/02,
7/10/02, IN RESPECT TO PENDING THEFT CHARGE. THE THRUST OF DEFENDANT'S MOTION IS THAT SUCH
STATEMENTS AS WERE TAKEN FROM HIM WERE GIVEN WITH PROMISES OF LENIENCY, IN PARTICULAR
LOWELL WOODMAN MDEA AND GREGORY LUMBERT INTERVIEW 7/8/02.

11/13/2002 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/03/2002
S KIRK STUDSTRUP , JUSTICE

NOTICE  TO PARTIES/COUNSEL
12/04/2002 OTHER FILING -  MEMORANDUM OF LAW FILED ON 12/02/2002


IN SUPPORT OD MOTION TO SUPPRESS AND FOR RETURN OF PROPERTY
12/06/2002 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 12/06/2002


12/23/2002 HEARING -  MOTION TO SUPPRESS NOT HELD ON 12/03/2002


12/23/2002 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/06/2003


NOTICE  TO PARTIES/COUNSEL. ALL PENDING MOTIONS
01/08/2003 HEARING -  MOTION TO SUPPRESS HELD ON 01/06/2003
DONALD H MARDEN , JUSTICE
Attorney:  ANDREWS CAMPBELL
DA:  ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court


DAY 1, WITNESSES SEQUESTERED, STATE WITNESSES: MATTHEW A. CLARK, SHAWN PORTER, DEFENSE
WITNESSES: JOHN BAUER.  DAY 2, DEFENSE WITNESSES: JESSICA SEVERANCE AND DEFENDANT.  STATE
WITNESSES REBUTTAL: RONALD HENDERSON, LOWELL WOODMAN, JR.  ORAL MOTION FOR SANCTION
AGAINST WITNESS DENIED.  CLOSING ARGUMENTS AND TAKEN UNDER ADVISEMENT WRITTEN ORDER WILL
BE ISSUED.
01/10/2003 MOTION -  MOTION FOR DISCOVERY GRANTED ON 12/03/2002
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
01/10/2003 MOTION -  MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 01/07/2003
DONALD H MARDEN , JUSTICE
01/10/2003 MOTION -  MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 01/07/2003
DONALD H MARDEN , JUSTICE
01/10/2003 Charge(s): 1
MOTION -  OTHER MOTION GRANTED ON 01/06/2003
DONALD H MARDEN , JUSTICE
MOTION TO PRESERVE EVIDENCE, THE DEFENDANT, THROUGH COUNSEL, MOVES THAT ANY PACKAGING OF
THE ALLEGED COCAINE SEIZED IN THIS MATTER BE PRESERVED AND NOT DESTROYED BY THE FORENSIC
CHRMISTRY SECTION.  THE REASON FOR THIS MOTION IS THAT SUCH EVIDENCE IS ANTICIPATED TO BE
EXULPATORY AND NECESSARY TO ANY FUTURE PROCEEDINGS.  REPORT DATED 8/12/02, NOTIFIED
DEFENDANT THAT PACKAGING AND REMAINING MATERIAL IN CASE COULD BE DESTROYED.
01/21/2003 OTHER FILING -  COUNSEL VOUCHER FILED ON 01/10/2003


APPROVED IN THE AMOUNT OF $2446.00 (CHIEF JUSTICE MILLS)
02/25/2003 ORDER -  TRANSCRIPT ORDER FILED ON 01/23/2003


COPY SENT TO COURT REPORTER JANET COOK.
03/05/2003 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 03/03/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL,
03/05/2003 MOTION -  MOTION TO SUPPRESS EVIDENCE DENIED ON 03/03/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
03/27/2003 OTHER FILING -  TRANSCRIPT FILED ON 03/27/2003


Reporter: JANETTE COOK
MOTIONS TRANSCRIPT RECEIVED

04/09/2003 TRIAL - DOCKET CALL SCHEDULED FOR 05/08/2003 @ 9:30

05/19/2003 TRIAL - DOCKET CALL HELD ON 05/08/2003
            DONALD H MARDEN , JUSTICE
            Attorney: ANDREWS CAMPBELL
            DA: ALAN KELLEY            Reporter: LAURIE GOULD
            Defendant Present in Court

            TRIAL TO BE SET JUNE 30, 2003
08/04/2003 MOTION - MOTION FOR ATTND OF WITNESSES FILED BY DEFENDANT ON 05/16/2003

08/04/2003 MOTION - MOTION FOR ATTND OF WITNESSES GRANTED ON 05/19/2003

            COPY TO PARTIES/COUNSEL
08/04/2003 MOTION - OTHER MOTION FILED BY DEFENDANT ON 05/28/2003

            MOTION RE FINGER PRINT EVIDENCE
08/04/2003 MOTION - OTHER MOTION DENIED ON 06/26/2003

            MOTION RE FINGER PRINT EVIDENCE
08/04/2003 MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 06/26/2003

            EVIDENCE OF WARRANT
08/04/2003 MOTION - MOTION IN LIMINE GRANTED ON 06/26/2003
            JOHN R ATWOOD , JUSTICE
            COPY TO PARTIES/COUNSEL
08/04/2003 MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 06/26/2003

            TO ADD WITNESSES
08/04/2003 MOTION - MOTION IN LIMINE GRANTED ON 06/26/2003
            JOHN R ATWOOD , JUSTICE
            Attorney: ANDREWS CAMPBELL
            DA: ALAN KELLEY            Reporter: TAMMY DROUIN
            COPY TO PARTIES/COUNSEL
08/04/2003 MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 06/26/2003

            FOR EXCLUSION FROM EVIDENCE OF SCALES FOUND IN THE CAR.
08/04/2003 MOTION - MOTION IN LIMINE DENIED ON 06/26/2003
            JOHN R ATWOOD , JUSTICE
            Attorney: ANDREWS CAMPBELL
            DA: ALAN KELLEY            Reporter: TAMMY DROUIN
            COPY TO PARTIES/COUNSEL
08/04/2003 TRIAL - JURY TRIAL HELD ON 06/26/2003

            DAY ONE - WITNESSES SEQUESTED - OPENING STATEMENTS MADE BY BOTH STATE    AND DEFENSE.
                                            WITNESSES: MATTHEW CLERK, SEAN
            PORTER, DONALD HENDERSON
08/05/2003 TRIAL - JURY TRIAL HELD ON 06/30/2003
            JOHN R ATWOOD , JUSTICE
            Attorney: ANDREWS CAMPBELL
            DA: ALAN KELLEY            Reporter: TAMMY DROUIN
            Defendant Present in Court

DAY TWO
08/05/2003 TRIAL - JURY TRIAL HELD ON 06/28/2003
JOHN R ATWOOD , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: TAMMY DROUIN
Defendant Present in Court


DAY THREE
08/05/2003 TRIAL - JURY TRIAL HELD ON 07/01/2003
JOHN R ATWOOD , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: TAMMY DROUIN
Defendant Present in Court


DAY THREE          DEFENSE WITNESSES: RANDALL KEATON, CHRISTOPHER CARR, ALPHONSO JOHNSON,
JESSICA SEVERANCE AND KAREY CAMPBELL  DISCUSSION IN CHAMBERS REGARDING THE FOREMAN,
FOREMAN EXCUSED AND REPLACED.
08/05/2003 TRIAL - JURY TRIAL HELD ON 07/02/2003
JOHN R ATWOOD , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY      .      Reporter: TAMMY DROUIN
Defendant Present in Court


DAY FOUR; CLOSING ARGUMENTS, CHARGE AND DELIBERATIONS
08/05/2003 Charge(s): 1
VERDICT - GUILTY RETURNED ON 07/02/2003


08/05/2003 Charge(s): 1
FINDING - GUILTY ENTERED BY COURT ON 07/02/2003


08/05/2003 Charge(s): 1'
FINDING - GUILTY CONT FOR SENTENCING ON 07/02/2003


SENTENCING MEMOS DUE 8/15, REPLY MEMOS DUE BY THE FOLLOWING FRIDAY AND SENTENCING TO BE
SCHEDULED THE MIDDLE OF AUGUST.
08/05/2003 BAIL BOND - NO BAIL ALLOWED SET BY COURT ON 07/02/2003
JOHN R ATWOOD , JUSTICE
08/05/2003 BAIL BOND - NO BAIL ALLOWED COMMITMENT ISSUED ON 07/02/2003


08/05/2003 MOTION - OTHER MOTION FILED BY DEFENDANT ON 07/08/2003


MOTION TO PRESERVE EVIDENCE
08/05/2003 MOTION - MOTION TO TAKE EXHIBITS FILED BY STATE ON 07/16/2003


MOTION TO RELEASE EXHIBITS
08/06/2003 OTHER FILING - SENTENCING MEMORANDUM FILED BY STATE ON 08/06/2003


08/11/2003 OTHER FILING - SENTENCING MEMORANDUM FILED BY DEFENDANT ON 08/11/2003


08/25/2003 HEARING - SENTENCE HEARING SCHEDULED FOR 08/27/2003 @ 8:30


NOTICE TO PARTIES/COUNSEL
09/02/2003 HEARING - SENTENCE HEARING HELD ON 08/27/2003

JOHN R ATWOOD , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: CASE ENOCH
Defendant Present in Court


DEFENDANT SPEAKS ON HIS OWN BEHALF
09/02/2003 MOTION -  OTHER MOTION MOOT ON 08/27/2003


MOTION TO PRESERVE EVIDENCE
09/02/2003 MOTION -  MOTION TO TAKE EXHIBITS GRANTED ON 08/27/2003
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL   COCAINE TO BE RELEASED TO MDEA. THE REMAINING EXHIBITS ARE TO
BE HELD BY THE CLERK PENDING APPEAL.
09/02/2003 Charge(s): 1
RULING -  ORIGINAL ORDERED ON 08/27/2003


It is adjudged that the defendant is guilty of 1 AGGRAVATED TRAFFICK OR FURNISH SCHEDULE
DRUGS 17-A 1105(1)(B) Class A as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 12 year(s).

It is ordered that all but 7 year(s) of the sentence as it relates to confinement be suspended.

It is ordered that the defendant be placed on a period of probation for a term of 6 year(s) upon
conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.
$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**


## Special Conditions of Probation:

1.  refrain from all criminal conduct and violation of federal, state and local laws.
2.  report to the probation officer immediately and thereafter as directed and within 48 hours
    of your release from jail.
3.  answer all questions by your probation officer and permit the officer to visit you at your
    home or elsewhere.
4.  obtain permission from your probation officer before changing your address or employment.
5.  not leave the State of Maine without written permission of your probation officer.
6.  maintain employment and devote yourself to an approved employment or education program.
7.  not possess or use any unlawful drugs.
8.  identify yourself as a probationer to any law enforcement officer if you are arrested,
    detained or questioned for any reason and notify your probation officer of that contact
    within 24 hours.
9.  waive extradition back to the State of Maine from any other place.
10. not own, possess or use any firearm or dangerous weapon if you have ever been convicted of
    a crime in any jurisdiction with a potential penalty of one year or more or any crime
    involving domestic violence or the use of a firearm or dangerous weapon.

provide a DNA sample as required.

not own, possess or use any firearm or dangerous weapon.

submit to random search and testing for alcohol at the direction of a probation or law enforcement officer.
submit to random search and testing for drugs at the direction of a probation or law enforcement officer.
submit to random search and testing for firearms at the direction of a probation or law enforcement officer.
submit to random search and testing for dangerous weapons at the direction of a probation or law enforcement officer.

DEFENDANT TO ABIDE BY PHARMACY CONDITIONS ATTACHED

09/02/2003 Charge(s): 1
RULING - ORIGINAL ISSUED ON 08/27/2003

DEFENDANT ACKNOWLEDGES RECEIPT

09/02/2003 APPEAL - NOTICE OF APPEAL FILED ON 08/27/2003

09/02/2003 APPEAL - NOTICE OF APPEAL SENT TO REPORTER/ER ON 08/27/2003

09/02/2003 APPEAL - NOTICE OF APPEAL SENT TO LAW COURT ON 08/27/2003

09/02/2003 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL FILED ON 08/27/2003

09/02/2003 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL SENT TO REPORTER/ER ON 08/27/2003

09/02/2003 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL SENT TO LAW COURT ON 08/27/2003

09/02/2003 Charge(s): 1
ABSTRACT - SBI EDI ON 09/02/2003

LAST EDI SENT: 09/02/2003 21:19:35

09/12/2003 Charge(s): 1
APPEAL - RECORD ON APPEAL SENT TO LAW COURT ON 09/12/2003

10/10/2003 OTHER FILING - STATEMENT OF TIME FILED ON 10/09/2003

CREDIT FOR 415 DAYS FROM JULY 8, 2002 TO AUGUST 27, 2003

11/24/2003 Charge(s): 1
APPEAL - APPLICATION ALLOW SENT APPEAL GRANTED ON 11/24/2003

LEAVE TO APPEAL SENTENCE IS HEREBY GRANTED AND CONSOLIDATED WITH LAW COURT APPEAL (KEN-03-577)

08/11/2004 Charge(s): 1
MOTION - MOTION FOR CORR/REDUCE SNTC FILED BY DEFENDANT ON 08/11/2004

04/06/2005 Charge(s): 1
APPEAL - MANDATE/ORDER FILED ON 04/06/2005

04/06/2005 Charge(s): 1
APPEAL - MANDATE/ORDER DENIED ON 04/06/2005

04/07/2005 HEARING - MOTION REDUCTION OF SENTENCE SCHEDULED FOR 04/26/2005 @ 8:30

NOTICE  TO PARTIES/COUNSEL
04/07/2005 HEARING - MOTION REDUCTION OF SENTENCE NOTICE SENT ON 04/07/2005

04/07/2005 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 04/07/2005

CERTIFIED COPY TO SHERIFF DEPT.
04/26/2005 WRIT - HABEAS CORPUS TO TESTIFY VACATED ON 04/25/2005

04/26/2005 HEARING - MOTION REDUCTION OF SENTENCE HELD ON 04/26/2005
        JOHN R ATWOOD , JUSTICE
        Attorney: ANDREWS CAMPBELL
        DA: ALAN KELLEY
        Defendant Present in Court

        ELECTRONIC RECORDING TAPE#683, INDEX#1339-1868
04/27/2005 Charge(s): 1
        MOTION - MOTION FOR CORR/REDUCE SNTC DENIED ON 04/26/2005
        JOHN R ATWOOD , JUSTICE
        COPIES TO PARTIES/COUNSEL
04/27/2005 ORDER - COURT ORDER ENTERED ON 04/26/2005

        ORDER BY JUSTICE ATWOOD DENYING MOTION FOR REDUCTION OF SENTENCE


## Receipts

10/30/2003        Case Payment        $25.00        paid.

## Exhibits

01/06/2003  STATE, Exhibit#1, PRINTOUT OF ACTIVE WARRANT THROUGH NCIC, Adm w/o obj on
            01/06/2003.
01/06/2003  DEFENDANT, Exhibit#1, PHOTOGRAPH OF 45 MPH SIGN HEADING SOUTH ON RTE. 27, Adm w/o
            obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#2, PHOTOGRAPH, Adm w/o obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#3, PHOTOGRAPH OF INTERSECTION OF INTERSTATE, Adm w/o obj on
            01/06/2003.
01/06/2003  DEFENDANT, Exhibit#4, BLACK CAR TRAVELING ON ANTHONY AVENUE WITH LIGHTS, Adm w/o
            obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#5, FRONT DRIVER'S SIDE OF VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#6, FRONT DRIVER'S SIDE OF VEHICLE, Adm w/o obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#7, PHOTOGRAPH OF FRONT DRIVER'S SIDE OF VEHICLE, Adm w/o obj on
            01/06/2003.
01/06/2003  DEFENDANT, Exhibit#8, PHOTOGRAPH OF CONSOLE OF DEFENDANT'S VEHICLE, Adm w/o obj on
            01/06/2003.
01/06/2003  DEFENDANT, Exhibit#9, PHOTOGRAPH OF FRONT PASSENGER'S SIDE OF VEHICLE, Adm w/o obj
            on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#10, PHOTOGRAPH OF PASSENGER'S SIDE OF VEHICLE, Adm over obj on
            01/06/2003.
01/06/2003  DEFENDANT, Exhibit#11, PHOTOGRAPH OF ANOTHER SATURN WITH PANEL NOT REMOVED, Adm
            over obj on 01/06/2003.
01/06/2003  DEFENDANT, Exhibit#12, DIAGRAM OF CENTER CONSOLE, Adm over obj on 01/06/2003.

01/06/2003    DEFENDANT, Exhibit#13, DIAGRAM OD DASH, Adm over obj on 01/06/2003.
01/06/2003    DEFENDANT, Exhibit#14, DESCRIPTION OF PARTS FOR A SATURN VEHICLE, Adm over obj on
              01/06/2003.
01/07/2003    DEFENDANT, Exhibit#15, PHOTO OF CONSOLE PANEL, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#16, PHOTO OF CONSOLE PANEL, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#17, SKETCH (FOR RECORD ONLY), Not Admitted on 01/07/2003.
01/07/2003    STATE, Exhibit#2, MIRANDA, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#18, REPORT OF OFFICER RONALD HENDERSON, Adm w/o obj on
              01/07/2003.
01/07/2003    DEFENDANT, Exhibit#19, REPORT, Adm w/o obj on 01/07/2003.
01/07/2003    DEFENDANT, Exhibit#20, OFFICER LOWELL WOODMAN'S NOTES, Adm w/o obj on 01/07/2003.
06/26/2003    STATE#1, Exhibit#1, PHOTO OF INTERIOR OF CAR (DRIVER'S SIDE), Adm w/o obj on
              06/26/2003.
06/26/2003    STATE#1, Exhibit#2, PHOTO OF INTERIOR FRONT OF CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#3, PHOTO OF INTERIOR OF CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#4, PHOTO OF INTERIOR OF CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#5, PHOTO OF PASSENGER SIDE OF INTERIOR OF CAR, Adm w/o obj on
              06/26/2003.
06/26/2003    STATE#1, Exhibit#6, PANEL FROM DEFENDANT'S CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#7, PANEL FROM DEFENDANT'S CAR WITH CLAMP, Adm w/o obj on
              06/26/2003.
06/26/2003    STATE#1, Exhibit#8, PHOTO OF PASSENGER EXTERIOR SIDE OF CAR, Adm w/o obj on
              06/26/2003.
06/26/2003    STATE#1, Exhibit#9, PHOTO OF BACKPACK, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#10, PHOTO OF EXTERIOR REAR OF CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#11, ENVELOPE - LEGAL SIZE#10, WHITE WITH SMALL PLASTIC BAGS, Adm
              over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#12, BROWN ENVELOPE WITH RAZOR BLADE, PLASTIC DISPENSER, BAGS, Adm
              over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#13, ELECTRONIC SCALE, Offered on 06/26/2003.
06/26/2003    STATE#1, Exhibit#14, ENVELOPE WITH BLADE, Offered on 06/26/2003.
06/26/2003    STATE#1, Exhibit#15, PHOTO - DIGITAL SCALE, Excluded on 06/26/2003.
06/26/2003    STATE#1, Exhibit#16, PHOTO - DIGITAL BAGS, Excluded on 06/26/2003.
06/26/2003    STATE#1, Exhibit#17, DIGITAL PHOTO BAGS, Excluded on 06/26/2003.
06/26/2003    STATE#1, Exhibit#18, BAGGIES OF COCAINE, Adm over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#19, LARGE KNIFE WITH KNUCKLES, Offered on 06/26/2003.
06/26/2003    STATE#1, Exhibit#19-A, PHOTO OF KNIFE, Offered on 06/26/2003.
06/26/2003    STATE#1, Exhibit#20, FOLDING KNIFE, Adm over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#20-A, PHOTO OF FOLDING KNIFE, Adm over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#21, PHOTO OF EXTERIOR PASSENGER SIDE OF CAR, Adm w/o obj on
              06/26/2003.
06/26/2003    STATE#1, Exhibit#22, PHOTO OF EXTERIOR FRONT OF CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#23, PHOTO OF CAR TRUNK, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#24, PHOTO OF BACKSEAR OF CAR, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#25, INVENTORY SHEET, Adm w/o obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#26, CHEMISTS REPORT, Adm over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#27, CHEMISTS REPORT, Adm over obj on 06/26/2003.
06/26/2003    STATE#1, Exhibit#28, LIST OF ITEMS RETURNED TO JESSICA SEVERANCE, Adm over obj on
              06/26/2003.
06/26/2003    STATE#1, Exhibit#29, WRITTEN AUTHORIZATION FROM DEFENDANT TO RELEASE CAR, Adm over

obj on 06/26/2003.

06/26/2003    STATE#1, Exhibit#30, PAGE 199 OF TRANSCRIPT, Adm over obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#6, PHOTO OF TURNAROUND (CIVIC CENTER DRIVE AREA), Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#7, SIMILAR TO EXHIBIT #6, Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#8, SIMILAR TO EXHIBIT #6, Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#10, PHOTO, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#11, ARREST REPORT, Excluded on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#12, YELLOW PAPER DRAWING, Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#13, COPY OF AFFIDAVIT OF OFFICER CLARK, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#14, CONSOLE ASSEMBLY DIAGRAM, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#15, INSTRUMENT PANEL DIAGRAM, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#16, INSTRUMENT PANEL COVER, Excluded on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#17, PHOTO-CAR INTERIOR GEAR SHIFT, Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#18, SEAN PORTER'S REPORT, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#19, STATEMENT OF DETECTIVE HENDERSON, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#20, CELL PHONE LIST, Adm over obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#21, PACKET OF PAPERWORK, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#22, STATE LAB TEST, CERTIFICATE OF DRUG ANALYSIS, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#23, NOTES BY OFFICER WOODMAN, Excluded on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#24, NOTIES BY OFFICER WOODMAN, Excluded on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#25, PAGE 1 OF OFFICER HENDERSON'S REPORT, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#26, PAGE 1 OF RONALD HENDERSON'S REPORT OF INTERVIEW OF JESSICA SEVERANCE, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#27, PHOTO OF PASSENGER'S SIDE INTERIOR OF CAR, Adm over obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#28, PHOTO OF BACKSEAT OF CAR, Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#29, PHOTO OF BACKSEAT ON DRIVER'S SIDE, Adm w/o obj on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#30, OFFICER KEATON'S NOTES (2 PAGES), Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#31, PHOTO OF CAR, Not Offered on 06/26/2003.

06/26/2003    DEFENDANT#1, Exhibit#32, TITLE APPLICATION, Adm w/o obj on 06/26/2003.

A TRUE COPY
ATTEST: _____
                        Clerk